1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JORDAN C. KIMBALL,                          Case No. 2:25-cv-00363-DJC-CSK

12                  Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14    STATE OF CALIFORNIA, et al.,                (ECF Nos. 1, 2)

15                  Defendants.

16

17           Plaintiff Jordan C. Kimball is representing himself in this action and seeks leave to

18    proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the

19    reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the

20    Complaint be dismissed without leave to amend.

21    **I.      MOTION TO PROCEED IN FORMA PAUPERIS**

22           28 U.S.C. § 1915(a) provides that the court may authorize the commencement,

23    prosecution or defense of any suit without prepayment of fees or security "by a person

24    who submits an affidavit stating the person is "unable to pay such fees or give security

25    therefor." This affidavit is to include, among other things, a statement of all assets the

26    person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

27    _____

28    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c).

                                                  1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required showing under 28 U.S.C. § 1915(a). (ECF No. 2.) However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

## II.    SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## III.    THE COMPLAINT

Plaintiff brings this action against Defendants State of California and Sacramento District Attorney's Office. Compl. at 1, 3 (ECF No. 1). Plaintiff states the basis for

3

1  jurisdiction is federal question based on the following federal statutes: 18 U.S.C. § 242

2  for deprivation of rights; 18 U.S.C. Ch. 73 for obstruction of justice;[2] and 18 U.S.C.

3  § 2332h for radiological dispersal device. *Id*. at 2, 5. Plaintiff further alleges "criminal

4  allegations against" Defendants pursuant to the following additional statutes: 18 U.S.C.

5  § 1117 for conspiracy to commit murder; 18 U.S.C. §§ 1343 and 1341 for mail and wire

6  fraud; "conspiracy to defraud the public and commit insurance fraud"; 18 U.S.C. §§ 1505,

7  1507, and 1519 for obstruction of justice; California Civil Procedure §§ 377.60 and

8  377.62 for wrongful death;[3] and 18 U.S.C. § 182. Compl. at 8. Plaintiff alleges that from

9  August 29, 2017 to January 15, 2025, he has been "subjected to police brutality and

10  obstruction of justice, including but not limited to suppression of evidence, wrongful

11  denial of Plaintiff's claims and intentional misconduct by law enforcement and

12  prosecuting authorities." *Id*. at 8. Plaintiff seeks $60 million in damages and "demands

13  the initiation of criminal proceedings against the individuals [for] conspiracy, fraud and

14  attempted murder." *Id*. at 8, 9.

15  **IV.    DISCUSSION**

16      **A.    Subject Matter Jurisdiction**

17          The Court lacks subject matter jurisdiction over this action. Federal courts are

18  courts of limited jurisdiction and may hear only those cases authorized by federal law.

19  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold

20  inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary

21  appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir.

22  1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see*

23  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380

24  _____

25  [2]  Plaintiff erroneously states a claim for obstruction of justice under 18 U.S.C. § 73. *See*
Compl. at 2, 5. No such federal statute exists. Obstruction of justice is covered in a
26  variety of federal statutes within 18 U.S.C. Ch. 73, including 18 U.S.C. §§ 1505, 1507,
and 1519.

27  [3]  Plaintiff erroneously lists the statute for wrongful death under 18 U.S.C. §§ 377.60
and 377.62. See Compl. at 8. No such federal statute exists. California Civil Procedure
28  Code §§ 377.60 and 377.62 governs wrongful death claims.

(9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint states no basis for federal court jurisdiction, and none is apparent. Although the Complaint indicates the basis for subject matter jurisdiction is federal question, the federal criminal provisions cited in Plaintiff's Complaint do not give rise to civil liability or provide a private right of action. *See Manter v. Fresno Police Dep't*, 2019 WL 5172176, at *4 (E.D. Cal. Oct. 15, 2019) (holding plaintiff, as a private citizen, lacks standing to enforce any violation under 18 U.S.C. Ch. 73); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming claims brought under 18 U.S.C. § 242 do not give rise to civil liability because it is a criminal statute); *Harris v. Kern Cnty. Sheriffs*, 2019 WL 1777976, at *8 (E.D. Cal. Apr. 23, 2019) (holding plaintiff is unable to state a private cause of action under 18 U.S.C. § 1117); *McDonald v. Lee*, 2015 WL 4758012, at *3 (E.D. Cal. Aug. 11, 2015) (holding private citizens do not have standing to prosecute federal claims, including claims brought under 18 U.S.C. §§ 1341 and 1434, and are therefore subject to dismissal.); *Iegorova v. Tsaricati*, 2019 WL 4879156, at *3 (E.D. Cal. Oct. 3, 2019) (holding 18 U.S.C. § 371 provides "no basis for civil liability") (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)); 18 U.S.C. § 2332h (providing criminal penalties for violations under 18 U.S.C. § 2332h). Finally, in light of the recommendation to dismiss Plaintiff's federal claims, the Court recommends declining to exercise supplemental jurisdiction over the remaining state law claim alleged under California Civil Procedure §§ 377.60 and 377.62 for wrongful death. A court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all

5

1    claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In addition, the

2    Supreme Court has stated that if "the federal claims are dismissed before trial...the state

3    claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726

4    (1966).

5         The Complaint also fails to establish diversity jurisdiction. Although Plaintiff

6    satisfies the amount in controversy requirement by stating he seeks $60 million in relief,

7    Plaintiff fails to establish diversity of citizenship. *See* Compl. at 8. On the face of the

8    Complaint, all parties appear to be citizens of California. Compl. at 3 (naming

9    Defendants Sacramento District Attorney's Office and State of California, and stating

10   Plaintiff is located in Sacramento, California); *see also Morris v. Princess Cruises,*

11   *Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of

12   citizenship; each of the plaintiffs must be a citizen of a different state than each of the

13   defendants."). Because there is no diversity of citizenship established here, the Court

14   finds that it also lacks subject matter jurisdiction based on diversity jurisdiction.

15        **B.    Federal Rule of Civil Procedure 8**

16        Plaintiff's Complaint does not contain a short and plain statement of a claim as

17   required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims

18   and the grounds on which they rest, a plaintiff must allege with at least some degree of

19   particularity overt acts by specific defendants which support the claims. *See Kimes v.*

20   *Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts

21   supporting any cognizable legal claim against Defendants. The Complaint consists of a

22   few vague and conclusory allegations that fail to establish Plaintiff's causes of action. In

23   addition, Plaintiff lists criminal federal statutes that do not provide for civil liability or a

24   private right of action. Although the Federal Rules adopt a flexible pleading policy, even

25   a pro se litigant's complaint must give fair notice and state the elements of a claim plainly

26   and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

27        The Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172,

28   1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine

1  from the complaint who is being sued, for what relief, and on what theory, with enough

2  detail to guide discovery").

3       **C.     Leave to Amend**

4       In considering whether leave to amend should be granted, the Court finds that the

5  Complaint is without merit because it fails to state a claim and lacks subject matter

6  jurisdiction. *See generally* Compl. In light of the Complaint's deficiencies and the Court's

7  lack of subject matter jurisdiction, granting leave to amend would be futile. The

8  Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d

9  at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

10  **V.    CONCLUSION**

11       Based upon the findings above, it is RECOMMENDED that:

12       1.     Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

13       2.     Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend;

14            and

15       3.     The Clerk of the Court be directed to CLOSE this case.

16       These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

18  14 days after being served with these findings and recommendations, any party may file

19  written objections with the Court and serve a copy on all parties. This document should

20  be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

21  reply to the objections shall be served on all parties and filed with the Court within 14

22  days after service of the objections. Failure to file objections within the specified time

23  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

24  455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

25

26  Dated:  May 27, 2025

27  _____
     CHI SOO KIM
     UNITED STATES MAGISTRATE JUDGE

28  4, kimb0363.25

                                    7